1 | Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | mstafford@sjlawcorp.com

6 | Attorneys for Plaintiffs

7

8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,

Plaintiffs,

v.

FLOOR SEAL TECHNOLOGY, INC.,

Defendant.

Case No.:  C11-2266 SBA

**JUDGMENT PURSUANT TO STIPULATION**

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., and against Defendant FLOOR SEAL TECHNOLOGY, INC., a California Corporation, and/or alter egos and/or successor entities ("Defendant"), as follows:

1.      Defendant is signatory to the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement"). Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the Plaintiffs Trust Funds.  The Bargaining Agreement and Trust Agreements continue in full force and effect to the present time.

**JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

2.    Defendant hereby acknowledges and agrees that Defendant has become indebted to Plaintiff Trust Funds as follows:

| 7/11 | Contributions | $55,047.89 | |
| | 20% Liquidated damages | $11,009.58 | |
| | 5% p/a Interest (9/1/11-10/4/11) | $256.39 | |
| | | | $66,313.86 |
| 8/11 | Contributions | $51,684.62 | |
| | 20% Liquidated damages | $10,336.92 | |
| | 5% p/a Interest (10/1/11-10/4/11) | $28.32 | |
| | | | $62,081.54 |
| Attorneys' fees (4/20/10-10/4/11) | | | $6,879.00 |
| Costs (through 5/11/11) | | | $376.33 |
| **TOTAL** | | | **$135,650.73** |

3.    In addition to the amounts enumerated in paragraph 2 above, Plaintiffs also claim the following amounts pursuant to an audit of Defendant's records for the period of February 1, 2007 through December 31, 2009.  Plaintiffs expressly reserve the right to amend this Stipulation to include these amounts.

| Contribution Underpayments | $18,199.73 | |
| Credit (improper payment) | <$3.73> | |
| | | $18,196.00 |
| 20% Liquidated damages * | | $3,639.20 |
| Interest through 2/28/10 | | $1,317.58 |
| Interest 3/1/10-10/4/11 ** | | $543.50 |
| **TOTAL** | | **$23,696.28** |

*  Liquidated damages in the audit are shown as $750.00; however, liquidated damages increase to 20% upon litigation.
** Interest will continue to accrue at the rate of 5% per annum until all amounts are paid in full.

As set forth above, an audit of Defendant's records has occurred in this matter, with the report completed and provided to Defendant.  Defendant has been provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due.

Once the report is finalized, in the event that amounts are found due, all such amounts will become part of this Judgment.  In the event that this occurs, Defendant has the right to request that

- 2 -

1   the term of the payment plan be extended until all amounts are paid in full.  If Defendant requests

2   the payment plan to be extended, an Amended Stipulated Judgment shall be filed herein.

3       4.    Defendant shall *conditionally* pay the amount of **$114,304.23**, representing the total

4   amount due as enumerated in paragraph 2 above, less conditionally waived liquidated damages in

5   the sum of **$21,346.50**.  *This waiver is expressly conditioned upon Trustee approval upon timely*

6   *compliance with all of the terms of this Stipulation,* as follows:

7       (a)    On or before October 14, 2011, Defendant shall make a lump sum payment

8   of $55,047.89, representing all of July 2011 contributions.

9       (b)    On or before October 31, 2011, Defendant shall make a payment of

10  $5,000.00, representing partial payment of August 2011 contributions.

11      (c)    Beginning on or before November 30, 2011, and no later than the last

12  business day of each month, and continuing for a period of eleven (11 months) through September

13  28, 2012, Defendant shall pay to Plaintiffs the amount of **$5,100.00** per month, representing the

14  balance of August 2011 contributions, interest through October 4, 2011, attorney's fees through

15  October 4, 2011, and costs through May 11, 2011, as enumerated in paragraph 2 above.

16      (d)    Payments shall be applied first to unpaid interest and then to unpaid

17  principal.  The unpaid principal balance shall bear interest from October 5, 2011, at the rate of 5%

18  per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

19  Agreements.

20      (e)    Payments may be made by joint check, to be endorsed prior to submission.

21  Defendant shall have the right to increase the monthly payments at any time and there is no

22  penalty for early payment.

23      (f)    Checks shall be made payable to the "***District Council 16 Health and***

24  ***Welfare Trust Fund,***" and shall be delivered to Michele R. Stafford at Saltzman & Johnson Law

25  Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other

26  address as may be specified by Plaintiffs.

27      (g)    Prior to Defendant's August 31, 2012 payment, Defendant may submit a

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1   written request for waiver of liquidated damages directed to the Board of Trustees, but sent to

2   Saltzman and Johnson Law Corporation with its August 31, 2012 payment.  Defendant will be

3   advised as to whether or not the waiver has been granted prior to the final payment hereunder.

4   Such waiver will not be considered until or unless all other amounts are paid in full and

5   Defendant's account is current.

6          (h)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

7   Defendant, in writing, as to the final amount due, including interest and all additional attorneys'

8   fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

9   owed to Plaintiffs under this Stipulation, including those incurred relative to the amounts found

10   due on audit enumerated in paragraph 3 above.  Defendant shall pay all additional attorneys' fees

11   and costs regardless of whether or not Defendant defaults herein.  Any additional amounts due

12   pursuant to the provisions hereunder shall also be paid in full with the September 28, 2012

13   stipulated payment.

14          (i)    Failure to comply with any of the above terms shall constitute a default of

15   the obligations under this Agreement and the provisions of ¶11 shall apply.

16        5.    In the event that any check is not timely submitted or fails to clear the bank, or is

17   unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be

18   considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

19   demand to Defendant to cure said default *within seven (7) days of the date of the notice from*

20   *Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a replacement

21   *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day

22   cure period.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments,

23   *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event

24   default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

25   Plaintiffs.

26        6.    Beginning with contributions due for hours worked by Defendant's employees

27   during the month of September 2011, due on October 15, 2011 and delinquent if not received by

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1  the Trust Funds before the last business day of the month, and for every month thereafter until this

2  Judgment is satisfied, Defendant shall remain current in contributions due to Plaintiffs under the

3  current Collective Bargaining Agreement and under all subsequent Collective Bargaining

4  Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax a copy of its

5  contribution report for each month, together with a copy of that payment check, *to Michele R.*

6  *Stafford at 415-882 9287*, prior to sending the payment to the Trust Fund office.

7          Failure to comply with these terms shall also constitute a default of the obligations under

8  this Agreement and the provisions of ¶11 shall apply.

9          7.      Defendant shall make full disclosure of all jobs on which it is working by providing

10  Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

11  address   of   the   job,   the   start   and   completion   dates,   the   identity   of   General

12  Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the

13  extent that Defendant is working on a Public Works job, or any other job for which Certified

14  Payroll Reports are required, copies of said Reports *will be faxed to Michele R. Stafford*

15  concurrently with its submission to the General Contractor, Owner or other reporting agency.

16          These requirements are concurrent with, and in addition to, the requirements set forth

17  above.  Defendant shall fax said updated list each month (or sooner if required elsewhere herein)

18  together with the contribution report (as required by ¶6 of this Stipulation) *to Michele R. Stafford*

19  *at 415-882-9287,* on before the 15th day of each month.  Attached hereto as *Exhibit A* is a Job

20  Report Form which is to be completed each month.

21          8.      Failure to comply with <u>any</u> of the above terms shall constitute a default of the

22  obligations under this Agreement and the provisions of ¶11 shall apply.  Any unpaid or late paid

23  contributions, together with 20% liquidated damages and 5% per annum interest accrued on the

24  contributions, pursuant to the Trust Agreements, shall be added to and become a part of this

25  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the

26  applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of

27  current and future contributions, and for any additional past contributions not included herein as

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1   may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other

2   means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives

3   the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

4        9.     William Robert Clyne acknowledges that he is the RMO/CEO/President of

5   Defendant herein, and is authorized to enter into this Stipulation on behalf of Floor Seal

6   Technology, Inc.  William Robert Clyne ("Guarantor") is also personally guaranteeing all amounts

7   due herein. William Robert Clyne further acknowledges that any and all successors in interest to

8   Floor Seal Technology, Inc. as well as any assigns, and/or affiliated entities (including, but not

9   limited to parent or other controlling companies), and purchasers, shall be contractually bound by

10  the terms of this Stipulation.  This shall include any additional entities in which William Robert

11  Clyne is an officer, owner or possesses any ownership interest.  Defendant, Guarantor and all such

12  entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at

13  the time of any assignment, affiliation or purchase.

14       10.     Prior to the last payment pursuant to this Judgment Pursuant to Stipulation,

15  Plaintiffs shall advise Defendant, in writing, as to the final lump sum amount due, including

16  interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with

17  collection and allocation of the amounts owed to Plaintiffs under this Stipulation as set forth

18  above.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full

19  with the September 28, 2012 stipulated payment.

20       11.     In the event that Defendant/Guarantor fail to make any payment required under ¶4

21  above, or fails to remain current in any contributions under ¶6 above or fails to timely provide the

22  monthly documents required by ¶¶6 and 7 herein, and that such default is not timely cured, the

23  following will occur:

24            (a)     The entire balance of **$135,650.73**, as specified in ¶2, and any amounts due

25  as specified in ¶3, plus interest, but reduced by principal payments received from

26  Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated

27  damages and 5% per annum interest on the unpaid or late paid contributions, shall be immediately

28

- 6 -

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1   due and payable, together with any attorneys' fees and costs incurred during the term of this

2   Stipulation;

3        (b)   A Writ of Execution may be obtained against Defendant/Guarantor without

4   further notice, in the amount of the unpaid balance, plus any additional amounts under the terms

5   herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any

6   payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing

7   as of the date of default.

8        (c)   Defendant/Guarantor waive any notice of Entry of Judgment or of any

9   Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

10  and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

11  balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

12  of Execution, without notice to Defendant/Guarantor.

13       (d)   Defendant/Guarantor shall pay all additional attorneys' fees and costs

14  incurred by Plaintiffs in connection with collection and allocation of the amounts owed by

15  Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

16       12.   Any failure on the part of the Plaintiffs to take any action against

17  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

18  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

19  any provisions herein.

20       13.   In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the

21  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

22  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

23  and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or

24  otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

25       14.   Should any provision of this Stipulation be declared or determined by any court of

26  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

27  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

2  Stipulation.

3        15.    This Stipulation is limited to the agreement between the parties with respect to the

4  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

5  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

6  Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

7  withdrawal liability claims, if any, against Defendant/Guarantor and all of their control group

8  members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their

9  Collective Bargaining Agreement, and applicable laws and regulations.

10        16.    This Stipulation contains all of the terms agreed by the parties and no other

11  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

12  writing and signed by all parties hereto.

13        17.    This Stipulation may be executed in any number of counterparts and by facsimile,

14  each of which shall be deemed an original and all of which shall constitute the same instrument.

15        18.    Defendant/Guarantor represent and warrant that they have had the opportunity to be

16  or have been represented by counsel of their own choosing in connection with entering this

17  Stipulation under the terms and conditions set forth herein, that they have read this Agreement

18  with care and is fully aware of and represent that they enter into this Stipulation voluntarily and

19  without duress.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

19.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: October 7, 2011          **FLOOR SEAL TECHNOLOGY, INC.**


By:  /S/William Robert Clyne
      William Robert Clyne, its RMO/CEO/President

Dated: October 7, 2011          **WILLIAM ROBERT CYLNE**


     /S/William Robert Clyne
     Individually, as Personal Guarantor

Dated: October 7, 2011          **SALTZMAN & JOHNSON LAW CORPORATION**


By:  /S/Michele R. Stafford
      Michele R. Stafford
      Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: __10/4/11          _____
                          UNITED STATES DISTRICT COURT JUDGE

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**
P:/Clients/FLRCL/Pleadings/Floor seal Technology/Judgment Pursuant to Stipulation 100411.doc

1
2

| EXHIBIT A |
|---|

## JUDGMENT PURSUANT TO STIPULATION

### JOB REPORT FORM

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the 15th day of each month \*\*\***

**Employer Name: FLOOR SEAL TECHNOLOGY**

**Report for the month of _____ Submitted by: _____**

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

**\*\*\* Attach additional sheets as necessary \*\*\***

1

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-2266 SBA**